UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ELIJAH WILLIAM MOORE,                )
                                     )
            Plaintiff,               )
                                     )
      v.                             )    No. 4:05CV82 FRB
                                     )
WARREN COUNTY, MO.,                  )
                                     )
            Defendant.               )

**ORDER**

Presently pending before the Court is plaintiff Elijah William Moore's Motions for Appointment of Counsel (filed February 2, 2005/Docket No. 4; February 8, 2005/Docket No. 6). The matter was assigned to and is pending before the undersigned United States Magistrate Judge pursuant to Rule 2.08(A) of the Local Rules of this Court.

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 after being granted leave to proceed in the cause in forma pauperis. Plaintiff now seeks the appointment of counsel to assist him with his claims. In deciding whether to appoint counsel for an indigent plaintiff, the Court should consider relevant factors, including the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998);

- 1 -

Edgington v. Missouri Dep't of Corrections, 52 F.3d 777, 780 (8th Cir. 1995); Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (citing Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986)).

The facts of this case are not complex. Plaintiff alleges that upon being taken into custody on state misdemeanor charges, he was confined at the Warren County Jail and housed with federal inmates either charged with and/or convicted of committing federal felony offenses. Plaintiff alleges that these federal inmates became involved in an altercation between themselves during which plaintiff was injured. Plaintiff claims that Warren County should not have confined him with federal prisoners and should not confine those accused of felony offenses with those accused of misdemeanor offenses.

A reading of plaintiff's Complaint and Supplements shows that plaintiff is able to investigate crucial facts. Plaintiff has adequately identified the persons allegedly responsible for his injuries and has provided details giving rise to his claim, including the dates upon which significant events occurred. As to whether conflicting testimony exists in this case, the undersigned notes that the case is in its preliminary stage, with defendant having recently been served and having entered its appearance in the cause. Whether and to what extent conflicting testimony exists in this case will be evident upon further proceedings.

Finally, the complexity of the legal issues does not

merit an appointment of counsel at this time.  As set out above, plaintiff claims that he sustained injury as a result of defendant's failure to follow a policy of separating state from federal prisoners, and felony prisoners from those charged with misdemeanors.  This alleged failure to follow established policy does not involve an overly complex issue of law.

Because the factual nature of this case is not complex and plaintiff has provided the Court with details giving rise to his claims, the undersigned finds plaintiff to be able to adequately present his claims to the Court.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's Motions for Appointment of Counsel (Docket Nos. 4, 6) are denied without prejudice.

/s/ Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this _8th_ day of July, 2005.